**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| JOHNATHAN GORDEN,<br>       PLAINTIFF,<br><br>v.<br><br>JTM CAPITAL MANAGEMENT, LLC,<br>JH PORTFOLIO DEBT EQUITIES, LLC,<br>LEXON INSURANCE COMPANY,<br>INTERNATIONAL FIDELITY INSURANCE<br>COMPANY, and<br>       DEFENDANTS | Case No. 1:17-cv-49 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"),  the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (hereinafter referred to as "FCRA") and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by JTM Capital Management, LLC ("JTM"), and JH Portfolio Debt Equities, LLC ("JH") (collectively referred to as "Defendants").

1

**VENUE**

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

**PARTIES**

6. Plaintiff, Johnathan Gorden ("Plaintiff"), is an adult individual residing in Fannin County, Texas.

7. JTM is a Delaware company operating from 210 John Glenn Dr., Amherst, New York 14228.

8. JTM can be served via its registered agent in Texas, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. JH is a California company operating from 120 South Central Ave, Clayton, MO 63105.

10. JH can be served via its registered agent in Texas, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant Lexon Insurance Company ("Lexon") is the surety company for the bond Defendant JTM has on file with the Texas Secretary of State, bond number 1102833. Lexon is liable for acts committed by JTM pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

12. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

13. Defendant International Fidelity Insurance Company ("IFIC") is the surety company for the bond JH has on file with the Texas Secretary of State, bond number 0595079.  IFIC is liable for acts committed by JH pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

14. IFIC is a foreign entity that can be served in the state of Texas via its registered agent, Paracorp Incorporated at 3610-2 North Josey Lane Suite 223, Carrollton TX 75007.

## FACTUAL ALLEGATIONS

15. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the Account is an old credit card account issued by Citibank, N.A. with a balance of $4,617, which was used to purchase various personal items, mainly lawn care equipment used for personal reasons.

16. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

17. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and by 15 U.S.C. § 1681a(c) and by Tex. Fin. Code § 392.001(1).

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

19. JH is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.  JH purchased the Account from the

original creditor and attempted collections directly or indirectly in order to make a profit.

20. JH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

21. JH is a furnisher of information to consumer reporting agencies.

22. JTM is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.  JTM purchased the Account from JH and attempted collections directly or indirectly in order to make a profit.

23. JTM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

24. After the Account allegedly went into default with the original creditor, Citi, the Account was purchased by JH for the purpose of collecting on the Account.

25. On information and belief and the statements of JTM employees, JH sold the account to JTM in March 2016.

26. JTM hired another debt collector to collect the account from Plaintiff.  That debt collector's conduct, as well as the conduct of JH and JTM was the subject of a lawsuit filed by Plaintiff in March, 2016, ("2016 lawsuit") in which Plaintiff alleged various violations of the Fair Debt Collection Practices Act and the Texas Finance Code.

27. The 2016 lawsuit resolved with the execution of a settlement agreement signed by Plaintiff, JTM, JH and the other parties to the lawsuit on April 25, 2016.

28. In that April 2016 settlement agreement, JTM agreed to "forgive or otherwise satisfy the Account underlying the Action, specifically a Citibank, N.A. account ending with 1158, with a current balance of $4,617.39 and assigned JTM 'control' number 1188670." *See* the April 2016 settlement agreement, redacted, attached hereto as Exhibit 1, at ¶4.

29. JTM and JH both signed the April 2016 settlement agreement.

30. JH was aware that the debt had been forgiven as a part of the April 2016 settlement agreement.

31. Nonetheless, JH continued and continues to report inaccurate information regarding the Account to Plaintiff's credit report.  Specifically, JH has reported and continues to report the following inaccurate information:

    a.  In August 2016, and then again in November 2016, JH reported to Equifax that the account balance is $4,617 and that the status of the account is "collection account."

    b.  In November 2016, JH "updated" the information regarding the Account in TransUnion's credit files regarding Plaintiff to indicate that the Account balance was "$4,617" and that the "Pay Status" was "In Collection."

    c.  Plaintiff's Experian credit file continues to include information from JH that the "Recent Balance" is $4,617 and that the Account is a "collection" account.

32. Plaintiff disputed all of this information with the various bureaus and on information and belief the bureaus shared those disputes with JH.

33. After receiving Plaintiff's dispute from Equifax, Experian and/or TransUnion, JH refused to remove the false and misleading information and, instead, updated its reporting to the consumer reporting agencies using the same inaccurate information.

34. JH knew that the information it reported to Equifax, Experian and/or TransUnion was false.

35. On information and belief, JTM still owns the Account and has hired JH to collect the Account on JTM's behalf.

36. JTM is aware that JH is collecting the Account and that JH is reporting the inaccurate information detailed above to Experian, Equifax and/or TransUnion.

37. By way of the settlement of the 2016 lawsuit, JH knew that JTM agreed to forgive or otherwise satisfy the Account.

38. Nonetheless, JH continues to report inaccurate information to Experian, Equifax and TransUnion in hopes that Plaintiff will be compelled to pay JH on the Account.

39. The reporting of information to Experian, Equifax and/or TransUnion constituted one or more collection attempts on the Account.

40. By intentionally reporting inaccurate information to Experian, Equifax and/or TransUnion after receiving notice that the information was wrong, JH engaged in false and deceptive collection practices.

41. JTM was aware of the actions of its agent, JH, and is liable for the actions of JH for both the false representations made in JH's collection attempts and for the reporting of false information to Equifax, Experian and TransUnion.

42. JTM additionally failed to comply with the terms of the April 2016 settlement agreement.  In that agreement, JTM agreed to "forgive or otherwise satisfy the Account underlying the Action, specifically a Citibank, N.A. account ending with 1158, with a current balance of $4,617.39 and assigned JTM 'control' number 1188670." *See* Exhibit 1, at ¶4.

43. Plaintiff performed his obligations under the agreement.

44. JTM's failure to settle the account as required by the April 2016 settlement agreement was a material breach of the 2016 settlement agreement.

45. Plaintiff has suffered and continues to suffer damages as a result of JTM's failure to satisfy the April 2016 settlement agreement, specifically, injury to his credit score, damage to his financial reputation, anxiety, sleeplessness and time lost due to  addressing JTM's continuing failure.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JH PORTFOLIO DEBT EQUITIES, LLC

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(8)&(10).

48. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE FCRA 15 U.S.C. § 1681, et seq BY JH PORTFOLIO DEBT EQUITIES, LLC

49. All prior paragraphs are adopted herein as if set forth word for word.

50. JH violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting to the consumer reporting agency information that it knew or had reasonable cause to believe was inaccurate.

51. JH violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information Plaintiff disputed.

52. As a consequence of JH's actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

### COUNT III:  VIOLATIONS OF THE TEXAS FINANCE CODE BY JH PORTFOLIO DEBT EQUITIES, LLC

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(8)&(19).

55. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT IV:  IMPUTED LIABILITY OF INTERNATIONAL FIDELITY INSURANCE COMPANY FOR LIABILITY OF JH PORTFOLIO DEBT EQUITIES, LLC

56. The previous paragraphs are incorporated into this Count as if set forth in full.

57. The act(s) and omission(s) of JH and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(8)&(19) are imputed to IFIC pursuant to Tex. Fin. Code § 392.102.

58. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant IFIC.

**COUNT V:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
BY JTM CAPITAL MANAGEMENT, LLC**

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(8)&(10).

61. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

**COUNT VI:  VIOLATIONS OF THE TEXAS FINANCE CODE
BY JTM CAPITAL MANAGEMENT, LLC**

62. The previous paragraphs are incorporated into this Count as if set forth in full.

63. The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304a(8)&(19).

64. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

**COUNT VII:  IMPUTED LIABILITY OF LEXON INSURANCE COMPANY
FOR LIABILITY OF JTM CAPITAL MANAGEMENT, LLC**

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. The act(s) and omission(s) of JTM and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304a(8)&(19) are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

67. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Lexon.

**COUNT VIII:  BREACH OF CONTRACT BY
JTM CAPITAL MANAGEMENT, LLC**

68. The previous paragraphs are incorporated into this Count as if set forth in full.

69. The act(s) and omission(s) of JTM and their representative(s), employee(s) and/or agent(s) in violation of the common law of Texas and amount to a breach of the April 2016 settlement agreement.

70. Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant JTM.

## JURY TRIAL DEMAND

71. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

72. Judgment in favor of Plaintiff and against JH as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. The greater of actual damages or damages of not less than $100 and not more than $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

   e. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   f. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b); and

   g. Such other and further relief as the Court deems just and proper.

73. Judgment in favor of Plaintiff and against JH and IFIC jointly and severally, as follows:

   a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

b.  An injunction permanently enjoining JH following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

c.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

d.  Such other and further relief as the Court deems just and proper.

74. Judgment in favor of Plaintiff and against JTM as follows:

h.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

i.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

j.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

k.  The greater of actual damages or damages of not less than $100 and not more than $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

l.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

m.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b);

n.  Actual damages for breach of contract pursuant to the common law of Texas;

o.  Attorneys fees pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); and

p.  Such other and further relief as the Court deems just and proper.

75. Judgment in favor of Plaintiff and against JTM and Lexon, jointly and severally, as follows:

e.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

f.   An injunction permanently enjoining JTM following trial of this cause from

committing acts in violation of the Texas Finance Code as cited herein

pursuant to Tex. Fin. Code § 392.403(a)(1);

g.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

h.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*