## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into by and between Johnathan Gorden (the "Plaintiff"); JTM Capital Management, LLC, JH Portfolio Debt Equities, LLC and Curtwright & Klein, LLC (collectively the "Collection Defendants"); and Lexon Insurance Company, International Fidelity Insurance Company and Washington International Insurance Company (collectively the "Bond Defendants").

WHEREAS, the Plaintiff commenced an action against the Collection Defendants and the Bond Defendants in the United States District Court for the Eastern District of Texas claiming that the Collection Defendants violated, inter alia, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "Action"). The Action bears Case Number 16-cv-00083.

WHEREAS, the Collection Defendants and the Bond Defendants expressly deny the allegations therein.

WHEREAS, it is now the desire of the Plaintiff and the Collection Defendants and the Bond Defendants to fully and finally settle the dispute between the parties.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and each party intending to be legally bound, the Plaintiff and the Collection Defendants and the Bond Defendants agree as follows:

1. The foregoing recitals are incorporated herein, acknowledged and agreed to.

2. In exchange for the Plaintiff's full release of his claims as articulated in Paragraph 11 below, the Collection Defendants shall remit payment to the Plaintiff in the amount of $14,000.00 (the "Settlement Amount") payable as follows:

a) $4,667.00 on or before April 25, 2016;

b) $4,667.00 on or before May 25, 2016; and

c) $4,666.00 on or before June 25, 2016.

3. The Settlement Amount shall be remitted to the Plaintiff's counsel, The Wood Firm, PLLC, Jeffrey D. Wood, Esq., 14524 Cantrell Rd., Suite 140 – PMB 208, Little Rock, Arkansas 72223.

4. JTM Capital Management, LLC ("JTM") additionally agrees to forgive or otherwise satisfy the account underlying the Action, specifically a Citibank, N.A. account ending with 1158, with a current balance of $4,617.39 and assigned JTM "control" number 1188670.

5. The terms of this Settlement Agreement shall be treated as confidential by the Plaintiff and shall not be disclosed to any third parties, including providing the settlement terms to the media or publishing/posting same on the internet, without the express written consent of the Collection Defendants. Notwithstanding the foregoing, the Plaintiff may disclose the terms of this Settlement Agreement to his (a) tax consultants/advisors; (b) retained counsel; and/or (c) in response to an order of a court of competent jurisdiction on the condition that the Plaintiff provides the Collection Defendants with at least fifteen (15) days of notice prior to the ordered date of production so that the Collection Defendants may challenge the order of any court.

6. The Plaintiff also agrees to refrain from any and all forms of disparagement, including making disparaging statements of any type in connection with the underlying facts of the matter at issue.

7. The Settlement Agreement constitutes the entire agreement between the Plaintiff and the Collection Defendants and the Bond Defendants and there are no understandings (oral or written) which are not set forth herein.

8. If any provision of this Settlement Agreement shall be held invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Settlement Agreement shall not in any way be affected or impaired thereby.

9. This Settlement Agreement shall be construed and enforced in accordance with and governed by the laws of the State of Texas.

10. By entering into this Settlement Agreement, neither the Plaintiff nor the Collection Defendants admit fault. Likewise, neither party admits that their respective claims and/or defenses lack merit.

11. This Settlement Agreement may be executed in any number of counterparts, each of which will be considered to be an original, but all of which when taken together shall constitute one and the same instrument. Signature pages may be detached from multiple separate counterparts and attached to a single counterpart to that all signature pages are physically attached to same instrument. Faxed or emailed signature pages shall be acceptable forms of fully executed signature pages.

12. The Plaintiff, for in and consideration of the Settlement Amount set forth in Paragraph 2 above, hereby remises, releases and forever discharges and by these presents does so for his heirs, executors, administrators, successors and assigns, the said JTM Capital Management, LLC, JH Portfolio Debt Equities, LLC and Curtwright & Klein, LLC, Lexon Insurance Company, International Fidelity Insurance Company and Washington International Insurance Company and their respective heirs, administrators,

executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, execution, claims and demands whatsoever, in law or in equity, which against the said JTM Capital Management, LLC, JH Portfolio Debt Equities, LLC and Curtwright & Klein, LLC, Lexon Insurance Company, International Fidelity Insurance Company and Washington International Insurance Company ever had, now have or which can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this presents.

13. The release of claims against Lexon Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns is limited to claims against collection bond number 1102833 on file with the Texas Secretary of State. All other claims that Plaintiff may have against Lexon Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns are reserved by Plaintiff.

14. The release of claims against International Fidelity Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers,

predecessors, successors and assigns is limited to claims against collection bond number 0595079 on file with the Texas Secretary of State. All other claims that Plaintiff may have against International Fidelity Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns are reserved by Plaintiff.

15. The release of claims against Washington International Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns is limited to claims against collection bond number S917-1017 on file with the Texas Secretary of State. All other claims that Plaintiff may have against Washington International Insurance Company and its heirs, administrators, executors, parents, affiliates, subsidiaries, members, shareholders, agents, servants, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns are reserved by Plaintiff.

16. Within three business days of the Plaintiff's receipt of the first installment of the Settlement Amount, the Plaintiff shall dismiss and discontinue the Action on the merits and with prejudice.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE TO FOLLOW]

_____
Johnathan Gorden, Plaintiff

Dated: _____

_____
JTM Capital Management, LLC
By: _____
It's: _____pres_____
Dated: __4/25/16__

_____
Curtwright & Klein, LLC
By: _____
It's: _____owner_____
Dated: __4/25/16__

_____
JH Portfolio Debt Equities, LLC
By: __Jeff HAsenmiller__
It's: __Director Vendor Management__
Dated: __4/22/16__

_____
Johnathan Gorden, Plaintiff
Dated: 4/22/16

_____
JTM Capital Management, LLC
By: _____
It's: _____
Dated: _____

_____
Curtwright & Klein, LLC
By: _____
It's: _____
Dated: _____

_____
JH Portfolio Debt Equities, LLC
By: _____
It's: _____
Dated: _____